E. REID, Appellant, v. J. HENRY COOK, Appellee.

Lease : REFORMATION: MUTUAL MISTAKE: EVIDENCE.

*Appeal from Fremont District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, JANUARY 31, 1893.

*R. C. Campbell* and *W. E. Mitchell,* for appellant.

*Samuel Holmes,* for appellee.

KINNE, J.—I. As finally amended, the pleadings having raised an equitable issue, the case was tried as an equity cause. The plaintiff's claim, in substance, is that, by a written contract, he leased the defendant his corn land, consisting of one hundred and sixteen acres, for which defendant was to pay as rent seventeen hundred and forty bushels of good, marketable corn, cribbed on the premises; and said rent was also to be treated as a settlement of a balance of rent due for the year 1890; that in fact the defendant delivered but thirteen hundred and thirteen bushels of corn; and there is now due him for balance of corn not delivered one hundred and seventy dollars and eighty cents.

The defendant claims the rent was to be fifteen bushels per acre, delivered in the plaintiff's cribs on the land, and avers that he has more than complied with his contract. He also claims that, at the time the lease was executed, the plaintiff falsely represented that there were one hundred and sixteen acres of corn land on said leased premises, and the defendant, relying thereon, agreed to pay fifteen bushels per acre rent, in all seventeen hundred and forty bushels. That in fact there were but one hundred and ten and seventy-three one-hundredths acres of corn land. He also avers that by mutual mistake, at the time the lease was made, the amount of corn land was stated therein at one hundred and sixteen acres, when in fact it was one hundred and ten and seventy-three one-hundredths, and that said mistake was not discovered until afterwards; that at the time the lease was made, it was the agreement and intention to state therein that the corn delivered on the premises should be measured in the crib at the rate of four thousand inches to the bushel, as was the custom in that neighborhood; that by mutual mistake said agreement was omitted from said lease. He prays that the lease be reformed in these respects, so as to express the intent of the parties. The plaintiff in his reply denies all the allegations of the answer except as admitted. The court reformed the lease as prayed, as to the measurement of the corn, dismissed the plaintiff's action at his costs, and he appeals.

II. But two questions are presented by this record, viz., that the court erred in reforming the contract, and that in any event the plaintiff has not received the rent due him. The law applicable to the reformation

of written instruments is so certain and clear as to need no citation of authorities. It is a question simply as to whether the evidence shows such a case as justifies us in saying that there was a mutual mistake. Without referring to the evidence in detail, we think the court below properly found that the contract should be reformed. The admissions of the plaintiff, coupled with the other evidence adduced, clearly show that the amount of corn was to be determined in the same manner as it had been under the prior lease, by measurement in the crib. Further support is given to this conclusion from the fact that the lease itself did not provide as to how the number of bushels should be determined, whether by weight or measurement, and the fact that delivery was to be made in the crib on the place, where no means had been provided for weighing it. Again, when the corn had been placed in the crib, the plaintiff sent a man there to measure it. From these and other facts in evidence, we think it clearly and satisfactorily appears that there was a mutual mistake in omitting this agreement, as to how the amount of corn should be ascertained, from the lease.

As to the plaintiff's contention that, even under the lease as reformed, he has not received the full amount of corn due him as rent, we think it clearly appears that there is no just ground for such claim. The burden is on him to show that fact, if it exists, and the evidence falls far short of establishing it.

The judgment of the district court is AFFIRMED.